**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO 1:15-CV-00042-LLK**

**BETTY SMITH**                                                                                    **PLAINTIFF**

**v.**

**CAROLYN COLVIN, Commissioner of Social Security**                              **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court upon the Plaintiff's pro-se complaint seeking judicial review of the final decision of the Social Security Administration denying her claim for disability benefits. The fact and law summaries of the parties are at Docket Numbers 19 and 20. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. This matter is ripe for determination.

Because the Administrative Law Judge's (ALJ's) decision was supported by substantial evidence, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

**Discussion**

To be disabling, Plaintiff must show that she suffers from a medically-determinable impairment satisfying the so-called duration requirement, i.e., it must produce restrictions that "can be expected to result in death or which [have] lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

42 U.S.C. § 405(g) authorizes the Court to review the Commissioner's final decision to determine whether it is supported by substantial evidence and is in accord with applicable legal standards. The Court is restricted, in conducting substantial evidence review, to the evidence that was before the ALJ at the time of the decision.

The ALJ issued the Commissioner's final decision in this case on January 16, 2015.  An electronic copy of the administrative record is at Docket Number 14, and the ALJ's decision is at pages 12 through 21.

Plaintiff, who is unrepresented by counsel, submitted a fact and law summary but did not follow the instructions, which asked her to "[i]ndicate below which Findings by the Defendant are not supported by substantial evidence," with supporting page transcript numbers, physician statements, and applicable case law.  Docket Number 19.  Instead, Plaintiff lists a number of medical conditions and symptoms, states that "at this time I am sick [and have] had no income for over 2 years," pleads for help from the Court, and gives a telephone number if there are "any questions."

The Court is unable to contact Plaintiff for the purpose of giving legal advice because such is forbidden by the cannons of judicial ethics.

Although Plaintiff makes no specific legal contention, in light of her pro-se status, the Court will construe her fact and law summary broadly and briefly review the ALJ's decision.

The ALJ acknowledged that Plaintiff suffers from the following severe impairments: degenerative disc disease, chronic obstructive pulmonary disorder, hypertension, affective disorder, and personality disorder.  Administrative Record, p. 14.  The ALJ found that these impairments limit Plaintiff to light work with additional postural and environmental restrictions, including no hazardous moving machinery.  AR, p. 16.  Plaintiff's mental impairments preclude interaction with the public and stringent production or quota-based work.  Id.

The ALJ based these findings, in part, upon the opinions of the state-agency program physicians and psychologists.  AR, p. 19.  In contrast, while she lists a number of conditions and symptoms, Plaintiff identifies no medical opinion showing greater limitation satisfying the duration requirement than found by the ALJ.

Neither Plaintiff, the ALJ, nor this Court is qualified to "interpret raw medical data in functional terms." *Deskin v. Commissioner*, 60 F .Supp.2d 908, 912 (N.D.Ohio 2008) (quoting *Nguyen v. Secretary*, 172 F.3d 31, 35 (1st Cir.1999)).  "[L]ay intuitions about medical phenomenon are often wrong."  Id. (quoting *Schmidt v. Secretary*, 914 F.2d 117, 118 (7th Cir.1990)).  "[T]he mere diagnosis [of an impairment] says nothing about the severity of the condition."  *Higgs v. Secretary*, 880 F.2d 860, 863 (6th Cir.1988).

Due to lack of medical proof of disabling limitations, the Court will affirm the ALJ's decision.

**Order**

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

c:      pro-se

3